MEISELMAN, DENLEA, PACKMAN,
CARTON & EBERZ, P.C.
Jeffrey I. Carton (*pro hac vice*)
   *jcarton@mdpcelaw.com*
Joshua S. Bauchner (*pro hac vice*)
   *jbauchner@mdpcelaw.com*
1311 Mamaroneck Avenue
White Plains, New York 10605
(914) 517-5000

CALDWELL LESLIE & PROCTOR, PC
ROBYN C. CROWTHER, State Bar No. 193840
   *crowther@caldwell-leslie.com*
MATTHEW O'BRIEN, State Bar No. 261568
   *obrien@caldwell-leslie.com*
1000 Wilshire Boulevard, Suite 600
Los Angeles, California  90017-2463
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Plaintiff and all others similarly
situated

PAUL, HASTINGS, JANOFSKY & WALKER LLP
DAVID M. WALSH (SB# 120761)
   *davidwalsh@paulhastings.com*
GEOFFREY T. STOVER (SB# 211715)
   *geoffstover@paulhastings.com*
ADAM M. SEVELL (SB# 266428)
   *adamsevell@paulhastings.com*
515 South Flower Street, Twenty Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Non-Party
National Electronics Warranty Corporation LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PETER WILSON, on behalf of himself and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GATEWAY, INC.,<br><br>                    Defendant. | Case No. CV-09-07560 GW (VBKx)<br><br>**NOTICE OF MOTION AND JOINT STIPULATION PURSUANT TO LOCAL RULES 37-2.1 AND 45-1 AND FOR COSTS AND SANCTIONS**<br><br>**The Honorable Victor B. Kenton**<br><br>Class-related Discovery Cutoff: Oct. 30, 2010<br>Motion for Class Certification: Jan. 24, 2011<br>Trial Date & Pre-Trial Conference: N/A |

CALDWELL
LESLIE &
PROCTOR

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      PARTIES' INTRODUCTORY STATEMENTS............................................1

    A.      Movant's Introductory Statement..........................................................1

        (1)     Plaintiff's document requests are unreasonably broad and
                seek to impose an unjustifiable burden on NEW ........................3

        (2)     NEW was not the claims administrator for the Gateway
                ESP program and did not operate the Gateway ESP call
                center ............................................................................................4

        (3)     Plaintiff's "merits" requests are premature.................................5

        (4)     A recently-filed Delaware lawsuit seeks to enjoin NEW
                from disclosing any of the records at issue in this motion
                to compel. ....................................................................................5

II.     MOVANT'S STATEMENT OF RELEVANT FACTS ................................6

III.    DISCOVERY REQUESTS AND RESPONSES AT ISSUE...........................8

    A.      Requests and Responses Nos. 1-5 and 13..........................................8

        (1)     Request and Response No. 1.......................................................8

            (a)     Request No. 1 .....................................................8

            (b)     Response and Objection to Request No. 1........................9

            (c)     Movant's Argument.........................................................9

            (d)     NEW's Argument ............................................................11

        (2)     Request and Response No. 2.......................................................13

            (a)     Request No. 2 ....................................................................13

            (b)     Response and Objection to Request No. 2........................13

            (c)     Movant's Argument.........................................................14

            (d)     NEW's Argument ............................................................14

        (3)     Request and Response No. 3.......................................................15

            (a)     Request No. 3 ....................................................................15

            (b)     Response and Objection to Request No. 3........................15

| | | | | | |
|---|---|---|---|---|---|
| | | | (c) | Movant's Argument | 16 |
| | | | (d) | NEW's Argument | 16 |
| | | (4) | Request and Response No. 4 | | 16 |
| | | | (a) | Request No. 4 | 16 |
| | | | (b) | Response and Objection to Request No. 4 | 16 |
| | | | (c) | Movant's Argument | 17 |
| | | | (d) | NEW's Argument | 17 |
| | | (5) | Request and Response No. 5 | | 17 |
| | | | (a) | Request No. 5 | 17 |
| | | | (b) | Response and Objection to Request No. 5 | 17 |
| | | | (c) | Movant's Argument | 18 |
| | | | (d) | NEW's Argument | 18 |
| | | (6) | Request and Response No. 13 | | 18 |
| | | | (a) | Request No. 13 | 18 |
| | | | (b) | Response and Objection to Request No. 13 | 18 |
| | | | (c) | Movant's Argument | 19 |
| | | | (d) | NEW's Argument | 20 |
| | B. | Requests and Responses Nos. 12, 14, 15, 16, 17, 27, 28, 29, 30, 31, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56 | | | 20 |
| | | (1) | Request and Response No. 12 | | 20 |
| | | | (a) | Request No. 12 | 20 |
| | | | (b) | Response and Objection to Request No. 12 | 20 |
| | | | (c) | Movant's Argument | 21 |
| | | | (d) | NEW's Argument | 23 |
| | | (2) | Request and Response No. 14 | | 24 |
| | | | (a) | Request No. 14 | 24 |
| | | | (b) | Response and Objection to Request No. 14 | 24 |
| | | | (c) | Movant's Argument | 25 |

| | | | |
|---|---|---|---|
| | (d) | NEW's Argument | 25 |
| (3) | | Request and Response No. 15 | 26 |
| | (a) | Request No. 15 | 26 |
| | (b) | Response and Objection to Request No. 15 | 26 |
| | (c) | Movant's Argument | 27 |
| | (d) | NEW's Argument | 27 |
| (4) | | Request and Response No. 16 | 27 |
| | (a) | Request No. 16 | 27 |
| | (b) | Response and Objection to Request No. 16 | 27 |
| | (c) | Movant's Argument | 28 |
| | (d) | NEW's Argument | 28 |
| (5) | | Request and Response No. 17 | 28 |
| | (a) | Request No. 17 | 28 |
| | (b) | Response and Objection to Request No. 17 | 28 |
| | (c) | Movant's Argument | 29 |
| | (d) | NEW's Argument | 29 |
| (6) | | Request and Response No. 27 | 29 |
| | (a) | Request No. 27 | 29 |
| | (b) | Response and Objection to Request No. 27 | 29 |
| | (c) | Movant's Argument | 30 |
| | (d) | NEW's Argument | 31 |
| (7) | | Request and Response No. 28 | 31 |
| | (a) | Request No. 28 | 31 |
| | (b) | Response and Objection to Request No. 28 | 32 |
| | (c) | Movant's Argument | 32 |
| | (d) | NEW's Argument | 32 |
| (8) | | Request and Response No. 29 | 32 |
| | (a) | Request No. 29 | 32 |

(b)     Response and Objection to Request No. 29....................33

(c)     Movant's  Argument.......................................33

(d)     NEW's Argument..........................................33

(9)     Request and Response No. 30..................................33

(a)     Request No. 30..........................................33

(b)     Response and Objection to Request No. 30....................34

(c)     Movant's Argument.......................................34

(d)     NEW's Argument..........................................34

(10)    Request and Response No. 31..................................35

(a)     Request No. 31..........................................35

(b)     Response and Objection to Request No. 31....................35

(c)     Movant's Argument.......................................35

(d)     NEW's Argument..........................................36

(11)    Request and Response No. 33..................................36

(a)     Request No. 33..........................................36

(b)     Response and Objection to Request No. 33....................36

(c)     Movant's Argument.......................................37

(d)     NEW's Argument..........................................37

(12)    Request and Response No. 34..................................37

(a)     Request No. 34..........................................37

(b)     Response and Objection to Request No. 34....................37

(c)     Movant's Argument.......................................38

(d)     NEW's Argument..........................................38

(13)    Request and Response No. 35..................................38

(a)     Request No. 35..........................................38

(b)     Response and Objection to Request No. 35....................38

(c)     Movant's Argument.......................................39

(d)     NEW's Argument..........................................39

CALDWELL
LESLIE &
PROCTOR

(14)   Request and Response No. 37 ...................................................39

    (a)   Request No. 37 ...........................................................39

    (b)   Response and Objection to Request No. 37....................39

    (c)   Movant's Argument ....................................................40

    (d)   NEW's Argument .......................................................40

(15)   Request and Response No. 38 ...................................................40

    (a)   Request No. 38 ...........................................................40

    (b)   Response and Objection to Request No. 38....................41

    (c)   Movant's Argument ....................................................41

    (d)   NEW's Argument .......................................................41

(16)   Request and Response No. 39 ...................................................42

    (a)   Request No. 39 ...........................................................42

    (b)   Response and Objection to Request No. 39....................42

    (c)   Movant's Argument ....................................................42

    (d)   NEW's Argument .......................................................43

(17)   Request and Response No. 40 ...................................................43

    (a)   Request No. 40 ...........................................................43

    (b)   Response and Objection to Request No. 40....................43

    (c)   Movant's Argument ....................................................44

    (d)   NEW's Argument .......................................................44

(18)   Request and Response No. 41 ...................................................44

    (a)   Request No. 41 ...........................................................44

    (b)   Response and Objection to Request No. 41....................44

    (c)   Movant's Argument ....................................................44

    (d)   NEW's Argument .......................................................44

(19)   Request and Response No. 42 ...................................................45

    (a)   Request No. 42 ...........................................................45

    (b)   Response and Objection to Request No. 42....................45

| | | | |
|---|---|---|---|
| | (c) | Movant's Argument | 45 |
| | (d) | NEW's Argument | 46 |
| (20) | | Request and Response No. 43 | 46 |
| | (a) | Request No. 43 | 46 |
| | (b) | Response and Objection to Request No. 43 | 46 |
| | (c) | Movant's Argument | 47 |
| | (d) | NEW's Argument | 47 |
| (21) | | Request and Response No. 44 | 47 |
| | (a) | Request No. 44 | 47 |
| | (b) | Response and Objection to Request No. 44 | 47 |
| | (c) | Movant's Argument | 48 |
| | (d) | NEW's Argument | 48 |
| (22) | | Request and Response No. 45 | 48 |
| | (a) | Request No. 45 | 48 |
| | (b) | Response and Objection to Request No. 45 | 48 |
| | (c) | Movant's Argument | 49 |
| | (d) | NEW's Argument | 49 |
| (23) | | Request and Response No. 46 | 49 |
| | (a) | Request No. 46 | 49 |
| | (b) | Response and Objection to Request No. 46 | 49 |
| | (c) | Movant's Argument | 50 |
| | (d) | NEW's Argument | 50 |
| (24) | | Request and Response No. 47 | 50 |
| | (a) | Request No. 47 | 50 |
| | (b) | Response and Objection to Request No. 47 | 50 |
| | (c) | Movant's Argument | 51 |
| | (d) | NEW's Argument | 51 |
| (25) | | Request and Response No. 48 | 51 |

|     |     |     |                                                               |     |
| --- | --- | --- | ------------------------------------------------------------- | --- |
|     |     | (a) | Request No. 48 .................................................................. | 51 |
|     |     | (b) | Response and Objection to Request No. 48..................... | 51 |
|     |     | (c) | Movant's Argument .......................................................... | 52 |
|     |     | (d) | NEW's Argument .............................................................. | 52 |
|     | (26) |     | Request and Response No. 49 .................................................. | 52 |
|     |     | (a) | Request No. 49 .................................................................. | 52 |
|     |     | (b) | Response and Objection to Request No. 49..................... | 53 |
|     |     | (c) | Movant's Argument .......................................................... | 53 |
|     |     | (d) | NEW's Argument .............................................................. | 53 |
|     | (27) |     | Request and Response No. 50 .................................................. | 53 |
|     |     | (a) | Request No. 50 .................................................................. | 53 |
|     |     | (b) | Response and Objection to Request No. 50..................... | 53 |
|     |     | (c) | Movant's Argument .......................................................... | 54 |
|     |     | (d) | NEW's Argument .............................................................. | 54 |
|     | (28) |     | Request and Response No. 51 .................................................. | 54 |
|     |     | (a) | Request No. 51 .................................................................. | 54 |
|     |     | (b) | Response and Objection to Request No. 51..................... | 55 |
|     |     | (c) | Movant's Argument .......................................................... | 55 |
|     |     | (d) | NEW's Argument .............................................................. | 55 |
|     | (29) |     | Request and Response No. 52 .................................................. | 55 |
|     |     | (a) | Request No. 52 .................................................................. | 55 |
|     |     | (b) | Response and Objection to Request No. 52..................... | 56 |
|     |     | (c) | Movant's Argument .......................................................... | 56 |
|     |     | (d) | NEW's Argument .............................................................. | 56 |
|     | (30) |     | Request and Response No. 53 .................................................. | 56 |
|     |     | (a) | Request No. 53 .................................................................. | 56 |
|     |     | (b) | Response and Objection to Request No. 53..................... | 56 |
|     |     | (c) | Movant's Argument .......................................................... | 57 |

CALDWELL
LESLIE &
PROCTOR

PLAINTIFF'S MOTION TO COMPEL AND JOINT STIPULATION

        (d)      NEW's Argument ........................................................... 57

     (31)   Request and Response No. 54 ...................................... 58

        (a)      Request No. 54 ............................................... 58

        (b)      Response and Objection to Request No. 54 ................... 58

        (c)      Movant's Argument ...................................... 58

        (d)      NEW's Argument ........................................ 59

     (32)   Request and Response No. 55 ...................................... 59

        (a)      Request No. 55 ............................................... 59

        (b)      Response and Objection to Request No. 55 ................... 59

        (c)      Movant's Argument ...................................... 60

        (d)      NEW's Argument ........................................ 60

     (33)   Request and Response No. 56 ...................................... 60

        (a)      Request No. 56 ............................................... 60

        (b)      Response and Objection to Request No. 56 ................... 60

        (c)      Movant's Argument ...................................... 61

        (d)      NEW's Argument ........................................ 61

C.    Requests and Responses Nos. 25 and 26. ................................. 61

     (1)    Request and Response No. 25 ...................................... 61

        (a)      Request No. 25 ............................................... 61

        (b)      Response and Objection to Request No. 25 ................... 61

        (c)      Movant's Argument ...................................... 62

        (d)      NEW's Argument ........................................ 63

     (2)    Request and Response No. 26 ...................................... 63

        (a)      Request No. 26 ............................................... 63

        (b)      Response and Objection to Request No. 26 ................... 63

        (c)      Movant's Argument ...................................... 64

        (d)      NEW's Argument ........................................ 64

IV.    CONCLUSION ............................................................... 65

PLAINTIFF'S MOTION TO COMPEL AND JOINT STIPULATION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Monday, October 4, 2010, at 9:30 a.m., or as soon thereafter as may be heard in the Courtroom of the Honorable Victor B. Kenton, located at 312 North Spring Street in Los Angeles, California, Plaintiff, by his attorneys, Meiselman, Denlea, Packman, Carton & Eberz P.C. and Caldwell Leslie & Proctor, PC, will move for an Order pursuant to Local Rules 37-2.1 and 45-1, that National Electronics Warranty LLC ("NEW") produce documents in response to a non-party subpoena issued June 24, 2010.[1]

## I.   PARTIES' INTRODUCTORY STATEMENTS

### A.   *Movant's Introductory Statement*

Plaintiff Peter Wilson ("Wilson" or "Plaintiff") moves to compel the production of any and all documents responsive to Plaintiff's June 24, 2010 subpoena to NEW.  Despite Plaintiff's multiple requests, NEW has produced only 89 pages of documents responsive to the June subpoena.  *See* Declaration of Matthew O'Brien ("O'Brien Decl."), ¶ 2.   NEW admits that additional responsive documents are in its possession, custody or control, yet refuses to fully comply with the subpoena based on a number of objections that lack legal or factual support.

The events leading to this litigation began in July 2005, when Plaintiff purchased a laptop computer from Defendant Gateway, Inc. ("Gateway") along with a four-year extended service warranty plan ("ESP").  In February 2009, when the ESP was still active, Plaintiff's laptop ceased functioning and was in need of repair. Plaintiff contacted Gateway at this time to exercise his warranty rights and have Gateway honor its agreement to repair his computer.

---

[1]   Plaintiff first served the subpoena to NEW on June 1, 2010.  When Defendant Gateway complained that it had not been served a copy of the June 1 subpoena, Plaintiff re-served the subpoena to both NEW and Gateway on June 24. Accordingly, NEW has had three months' notice of the requests contained in the subpoena.

CALDWELL
LESLIE &
PROCTOR

1    Upon contacting Gateway, Plaintiff was informed that all service and support

2 for his computer was being handled by MPC Corporation ("MPC") which had

3 purchased the Gateway Professional Business division and held the contractual

4 obligation to honor ESPs such as the one purchased by Plaintiff.  Plaintiff then

5 contacted MPC only to discover that it had filed for bankruptcy, was out of business,

6 and could not service his computer or honor his warranty.

7    On October 16, 2009, Plaintiff filed this putative class action for breach of

8 contract and unjust enrichment against Gateway (and several individual defendants

9 whom Plaintiff later voluntarily dismissed), alleging that Gateway refused to honor

10 its ESP obligations.  Pursuant to Judge Wu's August 2, 2010 order, Plaintiff now

11 faces a November 30, 2010 deadline to file the motion for class certification.  *See*

12 O'Brien Decl., Exh. E (Docket No. 39).  The court-ordered cutoff for document

13 production is September 30, 2010.  *Id.*

14    The limited discovery produced by Gateway and NEW to date reveals a

15 complex series of agreements and "reverse" agreements through which Gateway and

16 NEW "passed the buck" to avoid honoring the ESP warranties.  Gateway and NEW

17 are now trying to hold each other accountable.  This finger-pointing has stymied

18 Plaintiff's attempts to obtain discovery in aid of class certification as NEW has

19 refused to produce any documents it claims Gateway "has agreed to produce" or to

20 which "Gateway has more ready access."  *See* O'Brien Decl., Ex. B (Letter from

21 Geoffrey T. Stover to Joshua S. Bauchner, dated August 19, 2010, at 3 ("Stover

22 Ltr.")).  Notably, most of the documents NEW claims Gateway has "agreed to

23 produce" or "has more ready access" to have not been produced to Plaintiff.

24    The limited documents produced to date demonstrate that NEW played an

25 integral role in the servicing of the ESP warranties.  NEW should be compelled to

26 produce any and all responsive documents in its possession, custody, or control to

27 ensure Plaintiff's ability to file the motion for class certification in a timely fashion

28 in accordance with the Court's schedule.

### B.    NEW's Introductory Statement

Plaintiff seeks an order from this Court that would compel NEW to produce millions of customer records related to the administration of the Gateway ESP program.  As explained below, Plaintiff's motion should be denied because (1) Plaintiff's Subpoena is, on the whole, unreasonably broad; it essentially requires NEW to produce every electronic record and piece of paper that has anything to do with the Gateway ESP program; (2) NEW was not responsible for the customer care functions (the call center and claims administration) and so any customer records and information that non-party NEW[2] has in its possession came from Defendant Gateway, or some other party; and (3) although Plaintiff acknowledges that only class discovery is relevant at this time, many of the document requests prematurely seek information related to the merits of Plaintiff's liability claims.  Further, NEW notes that a case recently filed in Delaware seeks an injunction preventing NEW from disclosing any customer records related to extended service plan programs, including the Gateway ESP.

### (1)    Plaintiff's document requests are unreasonably broad and seek to impose an unjustifiable burden on NEW

Plaintiff's Subpoena *Duces Tecum* ("the Subpoena") requires NEW to produce 56 categories of documents, including "[a]ll documents concerning any Gateway Warranty" (Request No. 1), "[a]ll documents concerning the identity of any person who owned any Gateway Warranties" (Request No. 14), and "[a]ll documents concerning the honor [sic] of any Gateway Warranties by NEW" (Request No. 45). Notably, Plaintiff has sought essentially the same documents from Gateway, which has indicated in its responses that it is going to produce, or has already produced,

---

[2] Even if NEW is later named as a third-party defendant, the Subpoena must be evaluated as a demand for requests from a non-party.  And even if the Court treats NEW as a party to this lawsuit, Plaintiff's document demands are unreasonably broad.

documents responsive to a substantial number of Plaintiff's requests.[3]  In short, Plaintiff's document requests are exceedingly overbroad and impose onerous burdens that far exceed the scope of NEW's Rule 16 and 45 discovery obligations.

The burden NEW would face is quite real.  NEW estimates that Plaintiff's requests seek documents and records relative to approximately 1.9 million customer contracts.  (Declaration of Barry Danoff  ("Danoff Decl."), ¶ 7.)  These records are stored in various databases (comprised of hundreds of "sales load feeds," or uploads, received from Gateway), in customer-related databases and in monthly claims files. (*Id.*)  Just to mine the customer data requested would take two NEW employees approximately *four to six weeks of full-time work*, and additional NEW representatives would be required to interpret Gateway-specific records.  (*Id.*, ¶ 11.)  Of course, NEW would also incur significant additional expense of reviewing millions of pages of documents to ensure that NEW's attorney-client privileged communications and the company's work product are fully protected.

### (2)   NEW was not the claims administrator for the Gateway ESP program and did not operate the Gateway ESP call center

NEW is in the business of providing services related to consumer electronics ESPs, including claims administration and other customer-related administration services.  (*Id.*, ¶ 3.)  Typically, NEW operates the call centers that handle customers' claims under the ESPs.  (*Id.*, ¶ 4.)  That was not the case, however, for the Gateway ESP program.

As reflected in the Reverse Service Contract Administration Agreement ("RSCAA") between Gateway and NEW, Gateway assumed responsibility for operating the call center and the attendant claims administration duties.

---

[3] Notably, Gateway has agreed to produce documents responsive to well over half of Plaintiff's requests.  *See* Gateway's Response, Nos. 1, 2, 3, 6, 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 39, 44, 45, 46, 52, 53, 54, 55, 56, 57, 65, 66, 67, 68, 69.

(Declaration of Geoffrey Stover ("Stover Decl."), Ex. "A.")[4]  Consequently, any customer records NEW may have in its possession were received by NEW from Gateway, or some other Gateway-related entity.

### (3)    Plaintiff's "merits" requests are premature.

By Plaintiff's own admission, "[c]lass certification entitles Plaintiff Wilson to, among other things, seek information relevant to the number and identity of Gateway customers who owned Extended Service Plan ("ESP") warranties after January 1, 2005, as well as the number and identity of those warranty holders who contacted Gateway to seek service under this ESP warranty yet were denied such service." (Stover Decl., Ex. "C.")  NEW objects to Plaintiff's requests insofar as they prematurely seek documents related to the ultimate merits of Plaintiff's claims regarding liability.

### (4)    A recently-filed Delaware lawsuit seeks to enjoin NEW from disclosing any of the records at issue in this motion to compel.

On August 26, 2010, Chartis Warrantyguard, Inc. ("Chartis"), filed suit against NEW in the Court of Chancery of Delaware, seeking, among other things, an injunction preventing NEW from "Disclosing Chartis Protected Information to third parties." (Stover Decl., Ex. "D.")  The documents and records at issue here—the customer data and other records related to the Gateway ESPs—appear to fall under Chartis' definition of "Protected Information."  Although Chartis' claims are without merit, the Chancery Court will hear arguments on Chartis' motion for preliminary injunction in October.  (Stover Decl., ¶ 7.)  This ruling could impact the instant motion.

---

[4] Notably, Gateway assumed contractual responsibility for the customer service functions of all of the Gateway ESPs, including those that fell under the MPC wing of the re-formed Gateway companies.  (Stover Decl., Ex. "B.")

## II.    MOVANT'S STATEMENT OF RELEVANT FACTS

Gateway's subsidiary Gateway Companies, Inc. ("GCI") and NEW entered into a Service Contract Administration Agreement ("SCAA"), dated November 30, 2004, but retroactively effective to October 1, 2005, in which Gateway agreed to offer and sell its customers NEW ESPs covering defined Gateway products within Gateway's Professional Business division.  The SCAA obligated NEW to administer, service, and honor the ESP warranties sold by Gateway on NEW's behalf.  NEW's responsibilities included providing technical support, customer service, and repair services (collectively "Service") to ESP warranty holders such as Plaintiff.[5]

In or about October 2007, Gateway sold its Professional Business division, including its subsidiary GCI, to MPC.  On or about August 4, 2008, Gateway and NEW entered into a Second Amendment to the SCAA, retroactively effective to May 31, 2007, substituting Gateway Manufacturing, LLC ("GMLLC") as NEW's counterparty under the agreement.  On that same date, and with the same retroactive effective date, NEW and GMLLC entered into a "Reverse" SCAA under which GMLLC assumed the obligation to administer the delivery of Service under the ESPs.

Plaintiff is in the process of unraveling this corporate deal-making, which only recently has come to light.  What is clear is that, as a result of the transactions described above, Gateway and NEW disagree over which of them is responsible for honoring and servicing the ESP of Plaintiff and others similarly situated.

/ / /

/ / /

---

[5]   Plaintiff purchased his computer through his college and thus fell within Gateway's Professional Business division which sold products and services to business, education and government markets.

### A.  Recent Procedural History

On August 16, 2010, Gateway filed a Motion for Leave to File a Third-Party Complaint against NEW, and certain insurance company obligors, which the Court calendared for a hearing on September 13, 2010.  *See* O'Brien Decl., Exh. G (Docket No. 41).  In its Third-Party Complaint, Gateway alleges that it sold its Professional Business division, including GCI, to MPC on or about October 2007.  *See id.*, Exh. A to the Declaration of Eric M. Kennedy, ¶ 11.  Gateway further alleges that the sale of its Professional Business division did not alter NEW's obligations under the ESPs and that NEW simply hired MPC (either directly or through MPC's newly purchased subsidiary, GCI) to service the warranties in its behalf.  *See id.*  Gateway contends NEW's decision to hire MPC "made sense" because GCI had always been retained by NEW to service the ESPs on its behalf.  *Id.*  Gateway alleges MPC/GCI provided Service, on NEW's behalf, until at least November 6, 2008, when MPC/GCI declared bankruptcy, and that NEW continued to pay MPC/GCI to provide Service until at least December 29, 2008, when it ceased operations.  *See id.* at ¶ 12.

NEW, by contrast, insists that Gateway is responsible for providing Service under the ESPs and that, as a "non-party," it is deserving of "heightened protection" negating its obligation to produce documents responsive to Plaintiff's subpoena.  O'Brien Decl., Exh. B, at 1-3.  Accordingly, NEW's <u>entire production to date</u> is limited to what it contends are the "operative written agreements" governing NEW's relationship with Gateway which purportedly demonstrate Gateway's contractual obligations under the ESP warranties.  *See* Section III.A., *infra* (NEW's Objections and Responses to Plaintiff's Subpoena, Response Nos. 1-5 & 13).

NEW's current dispute with Gateway confirms NEW's essential role in this litigation and its possession of responsive material.  NEW should not be permitted to use its dispute with Gateway as a shield from class discovery.  Nor should NEW be

permitted to rely on its (likely temporary) status as a non-party as a basis to refuse to comply with Plaintiff's subpoena.

Plaintiff and NEW's meet and confer efforts have been unsuccessful. Counsel for Plaintiff and NEW met and conferred as to NEW's Responses to Plaintiff's subpoena on August 5 and 11, 2010.  *See* O'Brien Decl., ¶ 3.  Plaintiff sent NEW a follow-up meet-and-confer letter on August 11, 2010.  *See id.*, Exh. A. NEW sent Plaintiff a response letter on August 19.  *See id.*, Exh. B.  On August 27, Plaintiff's counsel notified NEW that it intended to provide its half of the instant Joint Stipulation on August 31.  *See* O'Brien Decl., ¶ 6.  Plaintiff's counsel did so on September 1.  *See id.*, ¶ 7.

### B. *NEW's Additional Procedural Facts*

NEW notes that Plaintiff's own delays play a significant role in the necessity and the timing of this motion to compel.  For example, Plaintiff waited until August 5, 2010 to contact NEW about its responses to the Subpoena, nearly a month after NEW timely served its objections on July 6.  (Stover Decl., ¶ 2.)  Moreover, despite NEW's letter of August 19 inviting Plaintiff to further discuss the discovery issues, Plaintiff simply plowed forward and filed this motion.  (*Id.*, ¶ 6.)  Notably, this motion will be heard four days *after* Judge Wu's deadline to complete class document discovery.  (Dkt. 39.)

## III.   DISCOVERY REQUESTS AND RESPONSES AT ISSUE

### A.   *Requests and Responses Nos. 1-5 and 13*

NEW has limited its response to these six Requests to the production of the "operative written agreements" between it and Gateway.

**(1)   Request and Response No. 1**
        **(a)   Request No. 1**

All documents concerning any Gateway Warranty.

### **(b)**   **Response and Objection to Request No. 1**

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope.  NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.

NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiffs claims rather than to class discovery.  NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all responsive, non-privileged and relevant documents concerning any Extended Service Plan.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### **(c)**   **Movant's Argument**

The Gateway ESP warranties are at the heart of this litigation.  This class action seeks redress for Gateway's deceptive breach of the contractual obligations under the ESPs resulting in their being rendered worthless pieces of paper.  Putative class action plaintiffs who requested Service under their ESP were denied such

Service.  Other putative class action plaintiffs, who did not request Service, nevertheless have been denied the benefit of their bargain.  The production of documents concerning the ESPs – and NEW's role and course of conduct in regard to providing Service under the ESPs – are thus of paramount importance to Plaintiff's ability to demonstrate both commonality and typicality and should not be limited merely to the production of certain "operative written agreements" between Gateway and NEW.  *See* Fed. R. Civ. P. 23(a)(2) and (3); *see also Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) (the requirement of commonality is satisfied where "the class is united by a common interest in determining whether a *defendant's course of conduct* is in its broad outlines actionable") (emphasis added).

In addition to acknowledging the primacy of its role in this litigation through the production of what NEW admits are the "operative written agreements" governing the obligation to provide Service under the ESP warranties, NEW has further conceded that it has in its possession documents relating specifically to Plaintiff Wilson.  *See* O'Brien Decl., Exh. C (Email from Geoffrey T. Stover to Joshua S. Bauchner, dated August 27, 2010).  NEW's possession of documents relating to Plaintiff Wilson and, by extension, other putative class members, are plainly relevant to Plaintiff's motion for class certification and should be timely produced.  Fed. R. Civ. P. 23(a)(1)-(3); *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (finding class certification "'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class'" (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)); *Doe v. Los Angeles Unified School Dist.*, 48 F. Supp. 2d 1233, 1245 (C.D. Cal. 1999) (Rule 23(a)(3)'s typicality requirement is satisfied where "the action can be efficiently maintained as a class and [] the named plaintiffs have incentives that align with

1  those of absent class members so…that the absentees' interests will be fairly

2  represented") (citation omitted).[6]

3                    **(d)    NEW's Argument**

4          This request is exemplary of Plaintiff's overreaching.  Federal Rule of Civil

5  Procedure 45(c)(1) provides that a party responsible for issuing a subpoena must

6  take reasonable steps to avoid imposing undue burden or expense on the subpoenaed

7  party.  *Jimena v. UBS AG Bank, Inc.*, 2010 WL 3397431, *4 (E.D. Cal. 2010).  It is

8  the court's role to enforce this duty by "weigh[ing] the burden to the subpoenaed

9  party against the value of the information to the serving party."  *Moon v. SCP Pool*

10  *Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) (quoting *Travelers Indem. Co. v.*

11  *Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)).  In so doing,

12  the court must balance "the relevance of the discovery sought, the requesting party's

13  need, and the potential hardship to the party subject to the subpoena."  *Gonzales v.*

14  *Google*, 234 F.R.D. 674, 680 (N.D. Cal. 2006).

15          Particular consideration should be given to factors including "relevance, the

16  need of the party for the documents, the breadth of the document request, the time

17  period covered by it, the particularity with which the documents are described, and

18  the burden imposed."  *Moon*, 232 F.R.D. at 636.  Courts are particularly likely to

19  find an undue burden when documents are "overbroad on [their] face and exceed []

20  the bounds of fair discovery" because they request "all" documents in a given

21  category over an extended temporal period.  *See Moon*, 232 F.R.D. at 637-38.

22          As a preliminary matter, this request is facially overbroad and unduly

23  burdensome because it seeks "all" documents relative to every Gateway ESP issued

24  and held over an almost six year period.  *See Moon*, 232 F.R.D. at 637-38.  Plaintiff

---

[6]   NEW's objection that disclosure of any information pursuant to the subpoena would invade privacy rights and/or breach confidentiality was rendered moot by this Court's entry of a Protective Order on July 13, 2010.

has made no effort to narrow this request and asks the Court to compel NEW to produce *all* sales data, warranty claims records, business records, emails, spreadsheets, and other documentation relative to the Gateway ESP's. Such a search would necessarily produce millions of documents, many of which would be both irrelevant to class discovery and to this litigation as a whole. Plaintiff's request is, therefore, grossly overbroad.

Moreover, NEW's burden in complying far outweighs any benefit Plaintiff might incur. *See Gonzalez*, 234 F.R.D. at 680. NEW estimates that it is in possession of Gateway-generated documents relative to approximately 1.9 million customer records that are stored in hundreds of "sales loads feeds," customer-related databases, claims files, and individual employee computers. (Danoff Decl., ¶ 7.) It would take NEW hundreds, if not thousands, of hours of labor to gather and review these documents. (*Id.*) Moreover, Gateway claims data is retained in NEW's databases for a minimum of seven years and, as such, a search for responsive documents would require NEW to sift through records that are outside the temporal scope of this action. (*Id.*, ¶ 9.) In short, the great expense NEW will necessarily incur in reviewing millions of documents on an expedited basis clearly dwarfs the potential value any produced documents will offer Plaintiff.

NEW maintains that this request is also objectionable because Plaintiff has not demonstrated, as he must, that he has unsuccessfully attempted to first obtain responsive documents from Gateway. Ninth Circuit precedent is clear that, where document requests pertain to a defendant who is a party to the action, and "plaintiffs can more easily and inexpensively obtain the documents from defendant," placing such a burden on a non-party constitutes an improper burden. *Moon*, 232 F.R.D. at 638 (citing *Dart Indus.*, 649 F.2d at 649).

Under the RSCAA, which NEW produced to Plaintiff, Gateway assumed responsibility for the administration of the warranty service program, including running the customer care center and handling warranty claims. (Stover Decl., ¶ 5,

Ex. "C.")  Consequently, all of the data and documentation relevant to Plaintiff's motion for class certification, including the identities of putative class members, information regarding sales of ESP's, and the means by which claims on those ESP's were adjudicated, has been generated by Gateway and only secondarily transmitted to NEW.  (Danoff Decl., ¶ 8.)  Moreover, Gateway has agreed to produce, and has already begun to produce, several responsive documents.  It therefore constitutes an undue burden for Plaintiff to seek from NEW documents that are more readily accessible from, or have already been produced by, named defendant Gateway.  *Moon*, 232 F.R.D at 638.

<div align="center">

**(2)** **Request and Response No. 2**
**(a)** **Request No. 2**
</div>

All documents concerning any contracts, agreements, or understandings, whether formal or informal, between Gateway and NEW, including, without limitation, concerning any obligation or duty to provide service under any Gateway Warranty.

<div align="center">

**(b)** **Response and Objection to Request No. 2**
</div>

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "informal", "understandings" and "provide service."  NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.  NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW

further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery.  NEW further objects to this Request to the extent that Defendant Gateway has already agreed to produce all responsive, non-privileged and relevant documents in its possession, custody, or control.  NEW further objects to this Request on the ground that it is under a contractual obligation to keep such agreements confidential.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 1, *supra* at III.A.1.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 1, supra at IV.A.1.d.

*Further response*: Despite Plaintiff's failure to first seek these agreements from named defendant Gateway, NEW voluntarily produced all of the operative agreements between NEW and Gateway.  (Stover Decl., at ¶ 3.)  One such operative agreement is the RSCAA, which unambiguously states that "NEW engages Gateway to perform its obligations" under the Service Contract Administration Agreement, including administering the warranty service program and handling claims.  (Stover Decl., Ex. "A", ¶ B.)  NEW believes its production of the operative agreements satisfies its Rules 16 and 45 obligations and clearly sets forth the contractual relationship between NEW and Gateway relative to the warranty service program.

### (3)   Request and Response No. 3
#### (a)   Request No. 3

All documents concerning any contracts, agreements, or understandings, whether formal or informal, between NEW and any other persons concerning Gateway Warranties, including, without limitation, concerning any obligation or duty to provide service under any Gateway Warranty.

#### (b)   Response and Objection to Request No. 3

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "informal", "understandings", "provide service" and "any other persons." NEW further objects to this Request as overly broad and unduly burdensome and oppressive, to the extent that it seeks all documents regarding contractual relationships between every Gateway Warranty purchaser and NEW. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 1, *supra* at III.A.1.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 2, *supra* at IV.A.2.d.

#### (4)    Request and Response No. 4
##### (a)    Request No. 4

All documents concerning any contracts, agreements, or understandings, whether formal or informal, between NEW and any other person concerning the sale or resale of Gateway Warranties, including, without limitation, the right of NEW to sell or resell Gateway Warranties.

#### (b)    Response and Objection to Request No. 4

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "informal", "understandings", "any other person", "sale or resale", "right" and "sell or resell."  NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.  NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or

eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 1, *supra* at III.A.1.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 2, *supra* at IV.A.2.d.

### (5)    Request and Response No. 5
### (a)    Request No. 5

All documents concerning communications between NEW and Gateway, including, without limitation, concerning (1) Gateway Warranties; (2) the identity of any person who owned, sold, resold, or was legally responsible for honoring the Gateway Warranties; (3) failure, refusal, or inability of any person to honor any Gateway Warranties; (4) Wilson; (5) the Warranty Telephone Numbers; (6) disconnection or lack of service of the Warranty Telephone Numbers; and (7) Wilson v. Gateway.

### (b)    Response and Objection to Request No. 5

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "honor(ing)" and "lack of service."  NEW further objects to this Request on the ground that it is overly broad as to time and scope.  NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.  NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests.  NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would

constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality.  NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery further objects to this Request to the extent that Defendant Gateway has agreed to produce all responsive, non-privileged email communications between Gateway and NEW concerning any Extended Service Plan sold and held by NEW.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 1, *supra* at III.A.1.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 2, *supra* at IV.A.2.d.

### (6)    Request and Response No. 13
### (a)    Request No. 13

All documents concerning the identity of any person who offered for sale, sold, or resold, or was authorized to offer to sell, sell or resell, any Gateway Warranty.

### (b)    Response and Objection to Request No. 13

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the phrases "offered for sale" and "any person who."  NEW further objects to this Request on the ground that it is overly

broad as to time and scope.  NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.  NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests.  NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  NEW further objects to this Request on the ground that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery.  NEW further objects to this Request to the extent that Defendant Gateway has already agreed to produce all responsive, non- privileged and relevant documents concerning the identity of any person who offered for sale, sold, or resold, or was authorized to offer to sell, sell, or resell any Extended Service Plan from January 1, 2005 to the present in its possession, custody, or control.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce the operative written agreements between NEW, Gateway and/or eMachines after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 1, *supra* at III.A.1.c.

**(d)     NEW's Argument**

*See* Respondent's Argument in opposition to Request Nos. 1 and 2, *supra* at IV.A.1.d. and IV.A.2.d.

/ / /

/ / /

/ / /

**B.     *Requests and Responses Nos. 12, 14, 15, 16, 17, 27, 28, 29, 30, 31, 33, 34, 35, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, and 56***

NEW objects to these 33 Requests on the ground that Gateway already has produced this information to Plaintiff or can more expeditiously do so.  NEW further objects to Requests Nos. 27-41 and 43-56, on the ground that they relate to the merits of Plaintiff's claims rather than to class discovery and are thus premature.

**(1)     Request and Response No. 12**
**(a)     Request No. 12**

Exemplars of each form of agreement or contract underlying the Gateway Warranties, and for each, documents sufficient to show the time period during which each such agreement or contract was used.

**(b)     Response and Objection to Request No. 12**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "each form of agreement", "underlying", and "was used."  NEW further objects to this Request on the ground that it is overly broad as to time and scope.  NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence.  NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.  NEW further objects to this Request to the extent that it

seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.  NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery.  NEW further objects to this Request to the extent that Defendant Gateway has already agreed to produce exemplars of each form of agreement or contract underlying any Extended Service Plan during the period of January 1, 2005 to the present.

Subject to and without in any way waiving the foregoing general and specific objections and responses, and to the extent NEW understands this Request, NEW will produce any non-duplicative, non-privileged documents or material responsive to this Request, that NEW can locate after conducting a diligent search and reasonable inquiry, and that are within NEW's possession, custody, or control, after the Court enters a suitable Protective Order that protects such documents from public disclosure.

### (c)  Movant's Argument

As an initial matter, NEW's objection that it is relieved from any obligation to produce documents as a result of its status as a non-party is likely moot by virtue of Gateway's Motion for Leave to File a Third-Party Complaint joining NEW in this action.  To the extent the Court grants the unopposed motion, NEW's dilatory refusal to produce responsive documents only serves to place in jeopardy the Court's August 2, 2010 Scheduling Order.  Additionally, NEW's insistence on the filing of this motion to compel, with knowledge that it is soon to be a party to the litigation, wastes judicial resources and imposes on Plaintiff unnecessary costs and expenses—warranting sanctions.

Further, Gateway has not, in fact, produced documents responsive to this Request, thus undermining NEW's unilateral contention that such documents have been produced or are more readily accessible to Gateway.  Additionally, counsel for both Gateway and NEW expressly have disclaimed any agreement between them to

produce documents responsive to Plaintiff's Requests.  *See* O'Brien Decl., Exh. B (Stover Ltr. at 3, n.1); *see also* O'Brien Decl., Exh. D (Email from Paul F. Rafferty to Robyn C. Crowther, dated July 26, 2010 ("Gateway and NEW have no agreement on production, nor have there been any discussions in that regard.…  In short, nothing Gateway is doing is intended to cover what NEW was otherwise obligated to produce under the subpoena.")).  NEW is in no position to know what Gateway has produced, has readily accessible, or may have turned over to MPC (thus placing it outside Gateway's possession, custody, or control) when it sold GCI.  NEW must satisfy its obligations under the June 2010 subpoena and cease its attempt to rely on another party to meet its discovery obligations.

Finally, NEW's objection that this Request is premature is without merit.  NEW's own attempt to allocate to Gateway all responsibility for providing Service under the ESP warranties has placed the issue of NEW's role in this litigation at center stage.  This Request does not go to the merits of Plaintiff's claims but instead plainly targeted to ascertaining NEW's obligations in servicing the ESP warranties vis-a-vis the putative class and other corporate entities, including other (likely) third-party defendants.  NEW's obligations under the SCAA and Reverse SCAA, and its responsibilities and course of conduct in regards to the putative class, are of paramount importance to Plaintiff's ability to demonstrate both commonality and typicality.  *See* Fed. R. Civ. P. 23(a)(2) and (3); *see also Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) (the requirement of commonality is satisfied where "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable") (emphasis added).

In addition to acknowledging the primacy of its role in this litigation through the production of what NEW admits are the "operative written agreements," NEW has further conceded that it has in its possession documents relating specifically to Plaintiff Wilson.  *See* O'Brien Decl., Exh. C (Email from Geoffrey T. Stover to Joshua S. Bauchner, dated August 27, 2010).  NEW's possession of documents

relating to Plaintiff Wilson and, by extension, other putative class members, are plainly relevant to Plaintiff's motion for class certification and should be timely produced.  *See* Fed. R. Civ. P. 23(a)(1)-(3); *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 155 (1982) (finding class certification "'peculiarly appropriate' when the 'issues involved are common to the class as a whole' and when they 'turn on questions of law applicable in the same manner to each member of the class'" (quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)); *Doe v. Los Angeles Unified School Dist.*, 48 F. Supp. 2d 1233, 1245 (C.D. Cal. 1999) (Rule 23(a)(3)'s typicality requirement is satisfied where "the action can be efficiently maintained as a class and [] the named plaintiffs have incentives that align with those of absent class members so ... that the absentees' interests will be fairly represented") (citation omitted).

### (d)   NEW's Argument

*See* Respondent's Argument in opposition to Request No. 2, *supra* at IV.A.2.d.  Moreover, NEW's objection to this request on the grounds that Gateway has already agreed to produce, or could more easily produce, these documents is not, as Plaintiff suggests, an attempt to escape its discovery obligations.  It is, rather, a proper expression of NEW's intent to act in accordance with its obligations under Rules 16 and 45 and the ample Ninth Circuit precedent that supports it.  *Moon*, 232 F.R.D. at 638.  Plaintiff has not, because he cannot, cite relevant authority for the unsupported proposition that it is NEW's burden to "know what Gateway has produced" or "has readily accessible."  Rather, the onus is on Plaintiff to demonstrate that he has taken affirmative steps to obtain relevant documents from Gateway before seeking such documents from non-party NEW.  *See id.* ("Since plaintiffs have not shown they have attempted to obtain these documents from defendant, the Court finds that, at this time, requiring nonparty … to produce these documents is an undue burden . . .").

1    Plaintiff's additional argument that NEW may soon become a party to the

2  litigation and that it cannot, therefore, maintain its Rule 45-based objections is

3  simply incorrect.  At all times, including during the pendency of this motion to

4  compel, NEW has been a non-party to the action and has acted pursuant to its

5  obligations under Rule 45 and the case law that interprets it.  In any event,

6  Plaintiff's discovery requests are overly broad, whether propounded on a party or a

7  non-party.

8         **(2)    Request and Response No. 14**
          **(a)    Request No. 14**
9

10    All documents concerning the identity of any person who owned any

11  Gateway Warranties.

12            **(b)    Response and Objection to Request No. 14.**

13    In addition to its General Objections, NEW objects to this Request on the

14  ground that it is vague and ambiguous as to the term "identity." NEW further objects

15  to this Request on the ground that it is overly broad as to time and scope. NEW

16  further objects to this Request on the ground that it is unduly burdensome and

17  oppressive, and seeks documents and information that are outside the scope of this

18  action and are not likely to lead to the discovery of admissible evidence. NEW

19  further objects to this Request on the ground that it is, at least in part, duplicative of

20  other requests. NEW further objects to this Request to the extent that it seeks

21  information protected by the attorney-client privilege and/or attorney work product

22  doctrine. NEW further objects to this Request on the ground that it seeks

23  information pertaining to individuals, the disclosure of which would constitute an

24  unwarranted invasion of the affected individuals' constitutional, statutory and/or

25  common law rights to personal privacy and confidentiality. NEW further objects to

26  this Request on the ground that it seeks private, privileged, and confidential

27  commercial, financial, and/or proprietary business information. NEW further objects

28  to this Request to the extent that Defendant Gateway has already agreed to produce

CALDWELL
LESLIE &
PROCTOR

-24-

1   all responsive, non- privileged and relevant documents concerning the identity of

2   any person who owned an active Extended Service Plan on or active as of

3   November 6, 2008 in its possession, custody, or control.

4                      **(c)**    **Movant's Argument**

5        *See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

6                      **(d)**    **NEW's Argument**

7        *See* Respondent's Argument in opposition to Request No. 12, *supra* at

8   IV.B.1.d.

9        *Further response:* NEW maintains its objection that Gateway is the original

10   retailer of all ESP's, administers the service contract program, and generates all

11   customer data records and that, therefore, Plaintiff is first required to seek

12   responsive documents from Gateway.  This request is also grossly overbroad and

13   overinclusive because putative class members in this action include only Gateway

14   ESP holders who unsuccessfully sought warranty service, but this request seeks

15   identifying information regarding *every* ESP holder, regardless of claim status.  *See*

16   Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d.

17        The burden imposed by this request is particularly onerous because locating

18   responsive documents in NEW's database of sales files and claims files would

19   require a "massive data pull" of records relative to approximately 1.9 million

20   customer contracts.  (Danoff Decl., at ¶ 10.)  Specifically, each customer's sales file

21   contains records of (i) customer demographics; (ii) warranty information; (iii) date

22   of purchase; and (iv) product information.  (*Id.*)  Moreover, each customer's claim

23   file contains (i) a unique contract identifier; (ii) date of failure; (iii) type of failure;

24   and (iv) dollar amount of the claim.  (*Id.*)  It will take hundreds, if not thousands, of

25   hours for NEW to cull these sales and claims documents, and NEW will incur

26   significant additional expense to review such documents for privilege and

27   confidentiality.  (*Id.* at ¶ 11.)  Consequently, the potential benefit to Plaintiff is

28   minimal compared to the significant burden that will surely be placed on NEW,

CALDWELL
LESLIE &
PROCTOR

PLAINTIFF'S MOTION TO COMPEL AND JOINT STIPULATION

1   especially given the fact that Gateway generated and maintained all customer data

2   and records in the first instance.  *See Gonzalez*, 234 F.R.D. at 680.

3   / / /

4   / / /

5   / / /

6            **(3)      Request and Response No. 15**
                    **(a)      Request No. 15**

7

8            Documents sufficient to identify on a monthly basis, each sale of a Gateway

9   Warranty, including, without limitation, the date of purchase, the purchaser, the

10  amount paid, the term of the Gateway Warranty, the date of expiration of the

11  Gateway Warranty, the seller of the Gateway Warranty, the obligor of the Gateway

12  Warranty, and the form of warranty agreement used in that transaction.

13           **(b)      Response and Objection to Request No. 15**

14           In addition to its General Objections, NEW objects to this Request on the

15  ground that it is vague and ambiguous as to the terms "form of warranty agreement"

16  and "transaction." NEW further objects to this Request on the ground that it is

17  overly broad as to time and scope. NEW further objects to this Request on the

18  ground that it is unduly burdensome and oppressive, and seeks documents and

19  information that are outside the scope of this action and are not likely to lead to the

20  discovery of admissible evidence. NEW further objects to this Request on the

21  ground that it is, at least in part, duplicative of other requests. NEW further objects to

22  this Request to the extent that it seeks information protected by the attorney-client

23  privilege and/or attorney work product doctrine. NEW further objects to this Request

24  on the ground that it seeks information pertaining to individuals, the disclosure of

25  which would constitute an unwarranted invasion of the affected individuals'

26  constitutional, statutory and/or common law rights to personal privacy and

27  confidentiality. NEW further objects to this Request to the extent that it seeks

28  private, privileged, and confidential commercial, financial, and/or proprietary

business information. NEW further objects to this Request to the extent that Defendant Gateway has already agreed to produce all responsive, non-privileged and relevant documents concerning the identity of any person who owned an active Extended Service Plan on or active as of November 6, 2008 in its possession, custody, or control.

### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)   NEW's Argument

See Respondent's Argument in opposition to Request No. 14, *supra* at IV.B.2.d.

### (4)   Request and Response No. 16
### (a)   Request No. 16

Documents sufficient to identify on a monthly basis, persons holding Gateway Warranties as to which the warranty term has not yet expired, including, without limitation, the remaining term on any such warranty.

### (b)   Response and Objection to Request No. 16

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request on the ground that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks

private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

<div align="center">

**(c)   Movant's Argument**

</div>

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

<div align="center">

**(d)   NEW's Argument**

</div>

*See* Respondent's Argument in opposition to Requests No. 1, *supra* at IV.A.1.d and Request No. 14, *supra* at IV.B.2.d.

*Further response:* This request would impose a particularly onerous burden on NEW because customer warranty records, including records of warranty claims, remain in NEW's databases for a minimum of seven years and are not parsed into separate databases once expired or fulfilled. (Danoff Decl., ¶ 9.) Consequently, running queries for responsive documents would be time-consuming and expensive because a search for records of unexpired or unfulfilled warranties would require the review of approximately 1.9 million warranty contracts, including previously expired or fulfilled ESP's and those outside the temporal scope of this action. (*Id.*, ¶¶ 7, 9.)

<div align="center">

**(5)   Request and Response No. 17**
**(a)   Request No. 17**

</div>

Documents sufficient to identify, on a purchaser-by-purchaser basis, the date on which any Gateway Warranty expired or expires.

<div align="center">

**(b)   Response and Objection to Request No. 17**

</div>

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this

Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request on the ground that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)   NEW's Argument

See Respondent's Argument in opposition to Request No. 16, *supra* at IV.B.4.d.

### (6)   Request and Response No. 27
### (a)   Request No. 27

All documents concerning any Warranty Telephone Number.

### (b)   Response and Objection to Request No. 27

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "any Warranty Telephone Number." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to

1   the extent that it seeks information protected by the attorney-client privilege and/or

2   attorney work product doctrine. NEW further objects to this Request to the extent that

3   it seeks information pertaining to individuals, the disclosure of which would

4   constitute an unwarranted invasion of the affected individuals' constitutional,

5   statutory and/or common law rights to personal privacy and confidentiality. NEW

6   further objects to this Request to the extent that it seeks private, privileged, and

7   confidential commercial, financial, and/or proprietary business information. NEW

8   further objects to this Request as premature to the extent that it seeks documents

9   that relate to the merits of Plaintiff's claims rather than to class discovery. NEW

10  further objects to this Request to the extent that Defendant Gateway has agreed to

11  produce all responsive, non-privileged and relevant documents concerning the

12  Warranty Telephone Number(s) related to Plaintiff's Extended Service Plan in its

13  possession, custody, or control.

14              **(c)      Movant's Argument**

15          NEW has placed the roles it and Gateway played in selling and servicing the

16  ESPs squarely at issue in this litigation.  Discovery concerning Gateway's and

17  NEW's telephonic and online customer service systems, the routing or blocking of

18  Service requests made to those systems, and the disposition of Service requests

19  made through those systems, demonstrate their course of conduct in honoring or

20  denying their obligations to the putative class under the ESP warranties and are

21  patently of paramount importance to Plaintiff's ability to demonstrate both

22  commonality and typicality.  Fed. R. Civ. P. 23(a)(2) and (3); *see also Blackie v.*

23  *Barrack*, 524 F.2d 891, 902(9th Cir. 1975) (the requirement of commonality is

24  satisfied where "the class is united by a common interest in determining whether a

25  *defendant's course of conduct* is in its broad outlines actionable") (emphasis added).

26  *See also* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

27

28

1

### (d)   NEW's Argument

2

This request is grossly overbroad because it will necessarily include

3 documents unrelated to class certification and to this litigation. *See* Respondent's

4 Argument in opposition to Request No. 1, *supra* at IV.A.1.d, and Request No. 14,

5 *supra* at IV.B.2.d.  Moreover, Gateway performed all customer care functions,

6 including administration of the telephone and online support centers, during the

7 relevant period and generated all support-related records.  (Danoff Decl. ¶¶ 5, 12.)

8 Customer care records and data have at all times been transmitted to NEW only

9 subsequent to their initial creation by Gateway, and NEW does not add or alter any

10 information sent by Gateway.  (*Id.*, ¶ 5.)  Consequently, Plaintiff must first seek

11 these documents from named defendant Gateway.  *See Moon*, 232 F.R.D. at 638; *see*

12 *also* Respondent's Argument in opposition to Request No. 12, *supra* at IV.B.1.d.

13 On a more practical level, it would be exceedingly difficult – if not impossible – to

14 locate all communications between NEW and Gateway warranty holders that are

15 stored in phone logs because there are no clear identifiers which isolate incidents as

16 Gateway ESP-related and because such records are likely routinely purged.  (Danoff

17 Decl. ¶ 12.)

18

Further, this request appears to be aimed at gaining information regarding

19 whether Gateway ESP claims were fulfilled, which is a merits-based topic which

20 will be properly addressed during the merits phase of discovery.  For this reason,

21 this request is premature.

22

### (7)   Request and Response No. 28
### (a)   Request No. 28

23

24

All documents concerning the service status of any Warranty Telephone

25 Number, including whether such Warranty Telephone Number was in service, not in

26 service, or disconnected.

27

28

1

### (b)   Response and Objection to Request No. 28

2    In addition to its General Objections, NEW objects to this Request on the

3 ground that it is vague and ambiguous as to the terms "service status" and "any

4 Warranty Telephone Number." NEW further objects to this Request on the ground

5 that it is overly broad as to time and scope. NEW further objects to this Request on

6 the ground that it is unduly burdensome and oppressive, and seeks documents and

7 information that are outside the scope of this action and are not likely to lead to the

8 discovery of admissible evidence. NEW further objects to this Request on the

9 ground that it is, at least in part, duplicative of other requests. NEW further objects

10 to this Request to the extent that it seeks information protected by the attorney-client

11 privilege and/or attorney work product doctrine. NEW further objects to this

12 Request to the extent that it seeks private, privileged, and confidential commercial,

13 financial, and/or proprietary business information. NEW further objects to this

14 Request as premature to the extent that it seeks documents that relate to the merits of

15 Plaintiffs claims rather than to class discovery. NEW further objects to this Request

16 to the extent that Defendant Gateway has agreed to produce all responsive, non-

17 privileged and relevant documents concerning the Warranty Telephone Number(s)

18 related to Plaintiffs Extended Service Plan in its possession, custody, or control.

19

### (c)   Movant's Argument

20    *See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

21

### (d)   NEW's Argument

22    *See* Respondent's Argument in opposition to Request No. 27, *supra* at

23 IV.B.6.d.

24

### (8)   Request and Response No. 29
### (a)   Request No. 29

25

26    All document concerning the disconnection of any Warranty Telephone

27 Number.

28

**(b)     Response and Objection to Request No. 29**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "disconnection" and "any Warranty Telephone Number." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all responsive, non-privileged and relevant documents concerning the Warranty Telephone Number(s) related to Plaintiff's Extended Service Plan in its possession, custody, or control.

**(c)     Movant's  Argument**

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

**(d)     NEW's Argument**

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.

**(9)     Request and Response No. 30**
**(a)     Request No. 30**

All documents concerning any period of time during which any Warranty Telephone Number was not in service or was disconnected, including, without

1  limitation, the reasons why such number was not in service or was disconnected,

2  and the time periods involved.

### (b)  Response and Objection to Request No. 30

4  In addition to its General Objections, NEW objects to this Request on the

5  ground that it is vague and ambiguous as to the terms "disconnected" and "any

6  Warranty Telephone Number." NEW further objects to this Request on the ground

7  that it is overly broad as to time and scope. NEW further objects to this Request on

8  the ground that it is unduly burdensome and oppressive, and seeks documents and

9  information that are outside the scope of this action and are not likely to lead to the

10  discovery of admissible evidence. NEW further objects to this Request on the

11  ground that it is, at least in part, duplicative of other requests. NEW further objects

12  to this Request to the extent that it seeks information protected by the attorney-client

13  privilege and/or attorney work product doctrine. NEW further objects to this

14  Request to the extent that it seeks private, privileged, and confidential commercial,

15  financial, and/or proprietary business information. NEW further objects to this

16  Request as premature to the extent that it seeks documents that relate to the merits of

17  Plaintiff's claims rather than to class discovery. NEW further objects to this Request

18  to the extent that Defendant Gateway has agreed to produce all responsive, non-

19  privileged and relevant documents concerning the Warranty Telephone Number(s)

20  related to Plaintiff's Extended Service Plan in its possession, custody, or control.

### (c)  Movant's Argument

22  *See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)  NEW's Argument

24  *See* Respondent's Argument in opposition to Request No. 27, *supra* at

25  IV.B.6.d.

26

27

28

**(10)   Request and Response No. 31**
**(a)      Request No. 31**

All documents concerning any request for Warranty Services under any Gateway Warranty.

**(b)      Response and Objection to Request No. 31**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "request" and "Warranty Services." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiffs claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

**(c)      Movant's Argument**

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

#### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Requests No. 1, *supra* at IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

### (11)   Request and Response No. 33
#### (a)    Request No. 33

All documents concerning any Telephone Support Request.

#### (b)    Response and Objection to Request No. 33

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "Telephone Support Request." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)      Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)      NEW's Argument

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.

### (12)   Request and Response No. 34
### (a)      Request No. 34

All documents concerning the disposition of any Telephone Support Request.

### (b)      Response and Objection to Request No. 34

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "disposition" and "Telephone Support Request." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.

### (13)    Request and Response No. 35
### (a)    Request No. 35

All documents concerning any Telephone Support Request in which Warranty Service was declined, denied or not provided, for any reason.

### (b)    Response and Objection to Request No. 35

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "Telephone Support Request." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected  individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to

this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.

### (14)    Request and Response No. 37
### (a)    Request No. 37

All documents concerning any times in which a Telephone Support Request was made or forwarded to AIGWG, AIGWS, New Hampshire Insurance, or Illinois National Insurance.

### (b)    Response and Objection to Request No. 37

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "Telephone Support Requests", "times", "forwarded" and who or what entity may have made and forwarded such Telephone Support Requests. NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks

private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request on the ground that production of this document would violate a Confidentiality Agreement between NEW and the other parties in this Request. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)   NEW's Argument

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.  This request is also premature because it contravenes this Court's discovery bifurcation order by seeking documents that go to the merits of Plaintiff's claim rather than to class discovery.  Plaintiff has not, because he cannot, demonstrate that communications between NEW and any of the insurance companies underwriting the Gateway ESP's will provide Plaintiff with information regarding the number or identity of putative class members.  Consequently, NEW would violate the Court's discovery orders by providing responsive documents, if any such documents exist.

### (15)   Request and Response No. 38
### (a)   Request No. 38

All documents concerning any communications between AIGWG, AIGWS, New Hampshire Insurance, or Illinois National Insurance, on the one hand, and NEW, on the other, including, without limitation, concerning any Telephone Support Request.

**(b)    Response and Objection to Request No. 38**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "Telephone Support Requests." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiffs claims rather than to class discovery. NEW further objects to this Request on the ground that production of this document would violate a Confidentiality Agreement between NEW and the other parties in this Request. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

**(c)    Movant's Argument**

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

**(d)    NEW's Argument**

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d and Request No. 37, *supra* at IV.B.14.d.

### (16)   Request and Response No. 39
#### (a)   Request No. 39

All documents concerning any Online Support Request.

#### (b)   Response and Objection to Request No. 39

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "Online Support Request." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all responsive, non- privileged and relevant documents concerning any online requests for support relating to any Extended Service Plan active as of November 6, 2008 in its possession, custody, or control.

#### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

1

### (d)   NEW's Argument

2  *See* Respondent's Argument in opposition to Request No. 27, *supra* at

3  IV.B.6.d.

4

### (17)   Request and Response No. 40
### (a)   Request No. 40

5

6  All documents concerning any disposition of any Online Support Request.

7

### (b)   Response and Objection to Request No. 40

8  In addition to its General Objections, NEW objects to this Request on the

9  ground that it is vague and ambiguous as to the terms "disposition" and "Online

10  Support Request." NEW further objects to this Request on the ground that it is

11  overly broad as to time and scope.

12  NEW further objects to this Request on the ground that it is unduly

13  burdensome and oppressive, and seeks documents and information that are outside

14  the scope of this action and are not likely to lead to the discovery of admissible

15  evidence. NEW further objects to this Request on the ground that it is, at least in

16  part, duplicative of other requests. NEW further objects to this Request to the extent

17  that it seeks information protected by the attorney-client privilege and/or attorney

18  work product doctrine. NEW further objects to this Request to the extent that it

19  seeks information pertaining to individuals, the disclosure of which would constitute

20  an unwarranted invasion of the affected individuals' constitutional, statutory and/or

21  common law rights to personal privacy and confidentiality. NEW further objects to

22  this Request to the extent that it seeks private, privileged, and confidential

23  commercial, financial, and/or proprietary business information. NEW further

24  objects to this Request as premature to the extent that it seeks documents that relate

25  to the merits of Plaintiff's claims rather than to class discovery. NEW further

26  objects to this Request to the extent that Plaintiff already has access to such

27  information or can more expeditiously acquire it from Defendant Gateway.

28

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 27, *supra* at IV.B.6.d.

### (18)   Request and Response No. 41
### (a)    Request No. 41

All documents concerning any person who requested, but did not receive Warranty Service under any Gateway Warranty, including, without limitation, the reasons such Warranty Service was not provided.

### (b)    Response and Objection to Request No. 41

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "Warranty Service." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

1
2

### (19)   Request and Response No. 42
#### (a)      Request No. 42

3

4

For any person who requested Warranty Service under any Gateway

5

Warranty, documents sufficient to show (1) the name, address, telephone, and email

6

address of any person requesting such service; (2) the date of the request for service;

7

(3) to person to whom the request for service was made; (4) whether services was

8

provide, and, if so, the nature of the service provide; and (5) if services were not

9

provided, the reason that Warranty Service was not provided.

#### (b)      Response and Objection to Request No. 42

10

11

In addition to its General Objections, NEW objects to this Request on the

12

ground that it is vague and ambiguous as to the term "Warranty Service." NEW

13

further objects to this Request on the ground that it is overly broad as to time and

14

scope. NEW further objects to this Request on the ground that it is unduly

15

burdensome and oppressive, and seeks documents and information that are outside

16

the scope of this action and are not likely to lead to the discovery of admissible

17

evidence. NEW further objects to this Request on the ground that it is, at least in part,

18

duplicative of other requests. NEW further objects to this Request to the extent that

19

it seeks information protected by the attorney-client privilege and/or attorney work

20

product doctrine. NEW further objects to this Request on the ground that it seeks

21

information pertaining to individuals, the disclosure of which would constitute an

22

unwarranted invasion of the affected individuals' constitutional, statutory and/or

23

common law rights to personal privacy and confidentiality. NEW further objects to

24

this Request on the ground that it seeks private, privileged, and confidential

25

commercial, financial, and/or proprietary business information. NEW further objects

26

to this Request to the extent that Plaintiff already has access to such information or

27

can more expeditiously acquire it from Defendant Gateway.

#### (c)      Movant's Argument

28

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

1

**(d)    NEW's Argument**

2

*See* Respondent's Argument in opposition to Request No. 1, *supra* at

3

IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

4

**(20)    Request and Response No. 43**

5

**(a)    Request No. 43**

6

All documents concerning records, including, without limitation, written or

7

electronic logs, of any requests for Warranty Service under the Gateway Warranties,

8

including, without limitation, Telephone Support Requests and Online Support

9

Requests.

10

**(b)    Response and Objection to Request No. 43**

11

In addition to its General Objections, NEW objects to this Request on the

12

ground that it is vague and ambiguous as to the terms "Warranty Service",

13

"Telephone Support Requests" and "Online Support Requests." NEW further objects

14

to this Request on the ground that it is overly broad as to time and scope. NEW

15

further objects to this Request on the ground that it is unduly burdensome and

16

oppressive, and seeks documents and information that are outside the scope of this

17

action and are not likely to lead to the discovery of admissible evidence. NEW

18

further objects to this Request on the ground that it is, at least in part, duplicative of

19

other requests. NEW further objects to this Request to the extent that it seeks

20

information protected by the attorney-client privilege and/or attorney work product

21

doctrine. NEW further objects to this Request on the ground that it seeks

22

information pertaining to individuals, the disclosure of which would constitute an

23

unwarranted invasion of the affected individuals' constitutional, statutory and/or

24

common law rights to personal privacy and confidentiality. NEW further objects to

25

this Request on the ground that it seeks private, privileged, and confidential

26

commercial, financial, and/or proprietary business information. NEW further objects

27

to this Request as premature to the extent that it seeks documents that relate to the

28

merits of Plaintiff's claims rather than to class discovery. NEW further objects to

this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)     Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)     NEW's Argument

*See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

### (21)   Request and Response No. 44
### (a)     Request No. 44

All documents concerning the failure, refusal, unwillingness, or inability of any party to provide requested Warranty Service or honor the Gateway Warranties.

### (b)     Response and Objection to Request No. 44

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "Warranty Service" and "honor." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all non-privileged, responsive, and relevant documents concerning the failure, refusal, unwillingness or inability of any person to provide requested warranty service or honor any Extended Service Plan active as of November 6, 2008 in its possession, custody, or control.

### (c)  Movant's Argument

*See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

### (d)  NEW's Argument

*See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

### (22)  Request and Response No. 45
#### (a)  Request No. 45

All documents concerning the honor of any Gateway Warranties by NEW.

#### (b)  Response and Objection to Request No. 45

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the term "honor." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law

1  rights to personal privacy and confidentiality. NEW further objects to this Request

2  as premature to the extent that it seeks documents that relate to the merits of

3  Plaintiff's claims rather than to class discovery. NEW further objects to this Request

4  on the ground that it seeks private, privileged, and confidential commercial,

5  financial, and/or proprietary business information. NEW further objects to this

6  Request to the extent that Defendant Gateway has agreed to produce all non-

7  privileged, responsive, and relevant documents in its possession, custody or control.

8  <center>(c)      **Movant's Argument**</center>

9  *See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

10  <center>(d)      **NEW's Argument**</center>

11  *See* Respondent's Argument in opposition to Request No. 1, *supra* at

12  IV.A.1.d, Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.

13  <center>(23)   **Request and Response No. 46**
(a)      **Request No. 46**</center>

14

15  All documents concerning NEW's intention whether or not to honor Gateway

16  Warranties in the future.

17  <center>(b)      **Response and Objection to Request No. 46**</center>

18  In addition to its General Objections, NEW objects to this Request on the

19  ground that it is vague and ambiguous as to the terms "intention", "honor", and "in

20  the future." NEW further objects to this Request on the ground that it is overly broad

21  as to time and scope. NEW further objects to this Request on the ground that it is

22  unduly burdensome and oppressive, and seeks documents and information that are

23  outside the scope of this action and are not likely to lead to the discovery of

24  admissible evidence. NEW further objects to this Request on the ground that it is, at

25  least in part, duplicative of other requests. NEW further objects to this Request to

26  the extent that it seeks information protected by the attorney-client privilege and/or

27  attorney work product doctrine. NEW further objects to this Request to the extent

28  that it seeks information pertaining to individuals, the disclosure of which would

1   constitute an unwarranted invasion of the affected individuals' constitutional,

2   statutory and/or common law rights to personal privacy and confidentiality. NEW

3   further objects to this Request on the ground that it seeks private, privileged, and

4   confidential commercial, financial, and/or proprietary business information. NEW

5   further objects to this Request as premature to the extent that it seeks documents that

6   relate to the merits of Plaintiff's claims rather than to class discovery. NEW further

7   objects to this Request to the extent that Defendant Gateway has agreed to produce

8   all non-privileged, responsive, and relevant documents in its possession, custody or

9   control.

10   ### (c)   Movant's Argument

11   *See* Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

12   ### (d)   NEW's Argument

13   *See* Respondent's Argument in opposition to Request No. 37, *supra* at

14   IV.B.14.d.

15   ### (24)   Request and Response No. 47
16   ### (a)   Request No. 47

17   All documents concerning any complaints concerning Warranty Services

18   under the Gateway Warranties, including, without limitation, complaints concerning

19   failure, refusal, unwillingness, or inability of any person to honor Gateway

20   Warranties.

21   ### (b)   Response and Objection to Request No. 47

22   In addition to its General Objections, NEW objects to this Request on the

23   ground that it is vague and ambiguous as to the terms "complaints", "Warranty

24   Services", and "honor." NEW further objects to this Request on the ground that it is

25   overly broad as to time and scope. NEW further objects to this Request on the

26   ground that it is unduly burdensome and oppressive, and seeks documents and

27   information that are outside the scope of this action and are not likely to lead to the

28   discovery of admissible evidence. NEW further objects to this Request on the

ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

<div style="text-align:center"><strong>(c)     Movant's Argument</strong></div>

See Movant's Argument in support of Request No. 27, *supra* at III.B.6.c.

<div style="text-align:center"><strong>(d)     NEW's Argument</strong></div>

See Request No. 14, *supra* at IV.B.2.d, and Request No. 27, *supra* at IV.B.6.d.  Moreover, the burden on NEW in locating documents responsive to this request would be particularly onerous.  *See* Respondent's Argument in opposition to Requests No. 1, *supra* at IV.A.1.d.

<div style="text-align:center"><strong>(25)   Request and Response No. 48</strong><br><strong>(a)     Request No. 48</strong></div>

All documents concerning the acquisition of Gateway by Acer, Inc.

<div style="text-align:center"><strong>(b)     Response and Objection to Request No. 48</strong></div>

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not

likely to lead to the discovery of admissible evidence. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)    NEW's Argument

This request underscores NEW's argument that Plaintiff's document requests are grossly overbroad.  *See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d and Request No. 14, *supra* at IV.B.2.d.  This request also illustrates Plaintiff's lack of care in drafting these requests.  Why would NEW have documents related to Acer's acquisition of Gateway that would be relevant to this lawsuit?  Finally, this request is also premature because it contravenes this Court's discovery bifurcation order by seeking documents that go to the merits of Plaintiff's claim rather than to class discovery.

/ / /

/ / /

/ / /

### (26)    Request and Response No. 49
### (a)    Request No. 49

All documents concerning the Gateway Professional Division, including, without limitation, Gateway Companies, Inc. ("Professional Division").

**(b)    Response and Objection to Request No. 49**

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

**(c)    Movant's Argument**

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

**(d)    NEW's Argument**

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

**(27)   Request and Response No. 50**
**(a)    Request No. 50**

All documents concerning any Gateway Warranties sold or resold by the Professional Division.

**(b)    Response and Objection to Request No. 50**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the phrase "sold or resold." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly

burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all non-privileged, responsive, and relevant documents in its possession, custody, or control.

### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)   NEW's Argument

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

/ / /

/ / /

/ / /

### (28)   Request and Response No. 51
#### (a)   Request No. 51

All documents concerning Gateway's sale of the Professional Division to MPC, including, without limitation, the reason, justification basis, intent, benefits, costs, or purposes of such sale.

1

**(b)      Response and Objection to Request No. 51**

2       In addition to its General Objections, NEW objects to this Request on the

3  ground that it is overly broad as to time and scope. NEW further objects to this

4  Request on the ground that it is unduly burdensome and oppressive, and seeks

5  documents and information that are outside the scope of this action and are not

6  likely to lead to the discovery of admissible evidence. NEW further objects to this

7  Request on the ground that it is, at least in part, duplicative of other requests. NEW

8  further objects to this Request to the extent that it seeks information protected by the

9  attorney-client privilege and/or attorney work product doctrine. NEW further objects

10  to this Request to the extent that it seeks private, privileged, and confidential

11  commercial, financial, and/or proprietary business information. NEW further objects

12  to this Request as premature to the extent that it seeks documents that relate to the

13  merits of Plaintiff's claims rather than to class discovery. NEW further objects to

14  this Request to the extent that Defendant Gateway has agreed to produce all non-

15  privileged, responsive, and relevant documents in its possession, custody, or control.

16

**(c)      Movant's Argument**

17       *See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

18

**(d)      NEW's Argument**

19       *See* Respondent's Argument in opposition to Request No. 48, *supra* at

20  IV.B.25.d.

21  / / /

22  / / /

23  / / /

24

**(29)   Request and Response No. 52**

25

**(a)      Request No. 52**

26  All documents concerning MPC.

27

28

**(b)      Response and Objection to Request No. 52**

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Defendant Gateway has agreed to produce all non-privileged, responsive, and relevant documents concerning the sale of Gateway's Professional Division to MPC in its possession, custody, or control.

**(c)      Movant's Argument**

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

**(d)      NEW's Argument**

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

**(30)    Request and Response No. 53**
**(a)      Request No. 53**

All documents concerning AIGWG, including, without limitation, documents concerning any request for Warranty Service made to or received by AIGWG.

**(b)      Response and Objection to Request No. 53**

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "request", "Warranty Service",

and "received." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)    NEW's Argument

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

/ / /

/ / /

/ / /

### (31)   Request and Response No. 54
#### (a)   Request No. 54

All documents concerning AIGWS, including, without limitation, documents concerning any request for Warranty Service made to or received by AIGWS.

#### (b)   Response and Objection to Request No. 54

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "request", "Warranty Service", and "received." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information.

NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

#### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

CALDWELL
LESLIE &
PROCTOR

PLAINTIFF'S MOTION TO COMPEL AND JOINT STIPULATION

#### (d)     NEW's Argument

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

### (32)   Request and Response No. 55
#### (a)     Request No. 55

All documents concerning Illinois National Insurance, including, without limitation, documents concerning any request for Warranty Service made to or received by Illinois National Insurance.

#### (b)     Response and Objection to Request No. 55

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "request", "Warranty Service", and "received." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)  Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)  NEW's Argument

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

### (33)  Request and Response No. 56
### (a)  Request No. 56

All documents concerning New Hampshire Insurance, including, without limitation, documents concerning any request for Warranty Service made to or received by Illinois National Insurance.

### (b)  Response and Objection to Request No. 56

In addition to its General Objections, NEW objects to this Request on the ground that it is vague and ambiguous as to the terms "request", "Warranty Service", and "received." NEW further objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request to the extent that it seeks private, privileged, and confidential commercial, financial, and/or proprietary business information. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further

objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)   Movant's Argument

*See* Movant's Argument in support of Request No. 12, *supra* at III.B.1.c.

### (d)   NEW's Argument

*See* Respondent's Argument in opposition to Request No. 48, *supra* at IV.B.25.d.

### C.   *Requests and Responses Nos. 25 and 26.*

NEW objects to these two Requests on the ground that they relate to the merits of Plaintiff's claims rather than to class discovery and are thus premature.

### (1)   Request and Response No. 25
### (a)   Request No. 25

All documents concerning any communications between any holder of a Gateway Warranty and NEW.

### (b)   Response and Objection to Request No. 25

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request to the extent that it seeks information pertaining to individuals, the disclosure of which would constitute an unwarranted invasion of the affected individuals' constitutional, statutory and/or common law rights to personal privacy and confidentiality. NEW further objects to this Request on the ground that it seeks private, privileged, and confidential commercial, financial, and/or proprietary

1  business information. NEW further objects to this Request as premature to the

2  extent that it seeks documents that relate to the merits of Plaintiff's claims rather

3  than to class discovery.

4  <div align="center">**(c)      Movant's Argument**</div>

5        NEW's objection that this Request is premature is without merit.  NEW's

6  own attempt to allocate to Gateway all responsibility for providing Service under the

7  ESP warranties has placed the issue of NEW's role in this litigation at center stage.

8  This Request does not go to the merits of Plaintiff's claims but is instead plainly

9  targeted to ascertaining NEW's obligations in servicing the ESP warranties vis-a-vis

10  the putative class and other corporate entities, including other (likely) third-party

11  defendants.  NEW's obligations under the SCAA and Reverse SCAA, and its

12  responsibilities and course of conduct in regards to the putative class, are of

13  paramount importance to Plaintiff's ability to demonstrate both commonality and

14  typicality.  *See* Fed. R. Civ. P. 23(a)(2) and (3); *see also Blackie v. Barrack*, 524

15  F.2d 891, 902 (9th Cir. 1975) (the requirement of commonality is satisfied where

16  "the class is united by a common interest in determining whether a defendant's

17  course of conduct is in its broad outlines actionable") (emphasis added).

18        In addition to acknowledging the primacy of its role in this litigation through

19  the production of what NEW admits are the "operative written agreements," NEW

20  has further conceded that it has in its possession documents relating specifically to

21  Plaintiff Wilson.  See O'Brien Decl., Exh. C (Email from Geoffrey T. Stover to

22  Joshua S. Bauchner, dated August 27, 2010).  Documents relating to Plaintiff

23  Wilson and, by extension, other putative class members, are plainly relevant to

24  Plaintiff's motion for class certification and should be timely produced.  *See* Fed. R.

25  Civ. P. 23(a)(1)-(3); *see also General Tel. Co. of the Southwest v. Falcon*, 457 U.S.

26  147, 155 (1982) (finding class certification "'peculiarly appropriate' when the

27  'issues involved are common to the class as a whole' and when they 'turn on

28  questions of law applicable in the same manner to each member of the class'")

(quoting *Califano v. Yamasaki*, 442 U.S. 682, 701 (1979)); *Doe v. Los Angeles Unified School Dist*., 48 F. Supp. 2d 1233, 1245 (C.D. Cal. 1999) (Rule 23(a)(3)'s typicality requirement is satisfied where "the action can be efficiently maintained as a class and [] the named plaintiffs have incentives that align with those of absent class members so…that the absentees' interests will be fairly represented") (citation omitted).

### (d)   NEW's Argument

This request underscores NEW's argument that Plaintiff's document requests are grossly overbroad and overinclusive.  *See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d and Request No. 14, *supra* at IV.B.2.d. Moreover, the burden on NEW in locating documents responsive to this request would be particularly onerous because there is no identifier in NEW's database flagging the sender of an incoming email as a Gateway ESP holder.  (Danoff Decl., ¶ 13); Respondent's Argument in opposition to Requests No. 1, *supra* at IV.A.1.d. Consequently, NEW would be required to cull all emails received during the relevant period to determine whether the sender was a Gateway ESP holder and, if so, whether the subject of the email concerned a Gateway ESP.  Such burden is not justified by the minimal benefit that responsive documents might offer Plaintiff. *Gonzalez*, 234 F.R.D. at 680.

### (2)   Request and Response No. 26
#### (a)   Request No. 26

All documents concerning any communications between any holder of a Gateway Warranty and Gateway.

### (b)   Response and Objection to Request No. 26

In addition to its General Objections, NEW objects to this Request on the ground that it is overly broad as to time and scope. NEW further objects to this Request on the ground that it is unduly burdensome and oppressive, and seeks documents and information that are outside the scope of this action and are not

likely to lead to the discovery of admissible evidence. NEW further objects to this Request on the ground that it is, at least in part, duplicative of other requests. NEW further objects to this Request to the extent that it seeks information protected by the attorney-client privilege and/or attorney work product doctrine. NEW further objects to this Request as premature to the extent that it seeks documents that relate to the merits of Plaintiff's claims rather than to class discovery. NEW further objects to this Request to the extent that Plaintiff already has access to such information or can more expeditiously acquire it from Defendant Gateway.

### (c)    Movant's Argument

*See* Movant's Argument in support of Request No. 25, *supra* at III.C.1.c.

### (d)    NEW's Argument

This request underscores NEW's argument that Plaintiff's document requests are grossly overbroad and overinclusive.  *See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d and Request No. 14, *supra* at IV.B.2.d. Moreover, Plaintiff is required to first seek documents from Gateway when they are more easily accessible to Gateway.  *See* Respondent's Argument in opposition to Request No. 1, *supra* at IV.A.1.d, and Request No. 12, *supra* at IV.B.1.d.  It is hard to imagine a document that would more properly be characterized as a "Gateway-generated document" than a communication between a Gateway ESP holder and Gateway.  Indeed, courts in this district have found it "inexplicable" when a document request seeks from a non-party documents regarding communications between two other parties without demonstrating that the non-party would likely "have such documents in the normal course of business."  *See Moon*, 232 F.R.D. at 638, n.5.  As Plaintiff has not provided a basis for his belief that NEW would have custody of communications between Gateway and a Gateway ESP holder, compelling NEW to expend resources searching for such documents constitutes an undue burden.

1   **IV.   CONCLUSION**

2           For the reasons set forth above, Plaintiff respectfully requests that the Court

3   order NEW to produce any and all documents responsive to Plaintiff's June 2010

4   subpoena in its possession, custody or control.  For its part, NEW respectfully

5   requests that the Court deny Plaintiff's motion to compel.

6   / / /

7   / / /

8   / / /

9   / / /

10  / / /

11  / / /

12  / / /

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27

28

CALDWELL
LESLIE &
PROCTOR

PLAINTIFF'S MOTION TO COMPEL AND JOINT STIPULATION

1   DATED: September 10, 2010          Respectfully submitted,

2                                      CALDWELL LESLIE & PROCTOR, PC
3                                      ROBYN C. CROWTHER
                                       MATTHEW O'BRIEN
4

5
                                       By _____/S/_____
6                                           ROBYN C. CROWTHER
7                                      Attorneys for Plaintiff and all others similarly
                                       situated
8

9   DATED: September 10, 2010          Respectfully submitted,

10                                     MEISELMAN, DENLEA, PACKMAN,
11                                     CARTON & EBERZ, P.C.

12

13                                     By _____/S/_____
14                                          JEFFREY I. CARTON
                                       Attorneys for Plaintiff and others similalry
15                                     situated

16
    DATED: September 10, 2010          Respectfully submitted,
17

18                                     PAUL, HASTINGS, JANOFSKY &
                                       WALKER LLP
19

20
                                       By_____/S/_____
21                                          GEOFFREY T. STOVER
22                                     Attorneys for Non-Party National Electronics
                                       Warranty Corporation LLC
23

24

25

26

27

28

CALDWELL
LESLIE &
PROCTOR
                                             -66-