PAUL, HASTINGS, JANOFSKY & WALKER LLP
DAVID M. WALSH (SB# 120761)
*davidwalsh@paulhastings.com*
ADAM M. SEVELL (SB# 266428)
*adamsevell@paulhastings.com*
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendant and Third-Party Defendant
National Electronics Warranty LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

PETER WILSON, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

GATEWAY, INC.; NATIONAL ELECTRONICS WARRANTY LLC,

Defendants.

GATEWAY, INC.,

Third Party Plaintiff,

v.

NATIONAL ELECTRONICS WARRANTY LLC, a Delaware corporation, CHARTIS WARRANTY SERVICES, INC. (F.K.A. AIG Warranty Services and Insurance Agency, Inc.), a Delaware corporation; and CHARTIS WARRANTYGUARD, INC. (F.K.A. AIG Warranty Guard, Inc.), a Delaware corporation,

Third Party Defendants.

CASE NO. CV-09-07560 GW (VBKx)

**NATIONAL ELECTRONICS WARRANTY LLC'S REDACTED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DISMISS AMENDED THIRD PARTY COMPLAINT**

The Honorable George H. Wu

Date: December 20, 2010
Time: 8:30 a.m.
Courtroom: 10

[Declaration of David M. Walsh, [Proposed] Order filed concurrently herewith]

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. FACTUAL BACKGROUND .......... 3

A. Plaintiff Peter Wilson's Claims .......... 3

B. Gateway's Allegations In The Amended TPC .......... 4

C. The Gateway-NEW Contract .......... 5

1. Terms of the Gateway-NEW Contract .......... 5

2. This Court Should Consider All Of The Gateway-NEW Contract—Not Just The Part Gateway Prefers .......... 7

III. ARGUMENT .......... 8

A. Standard for a Motion to Dismiss .......... 8

B. Under the Parties' Indemnity Arrangement, Gateway Is Solely Responsible for Plaintiff's Claims .......... 8

1. Governing Law .......... 9

2. [redacted] .......... 9

C. Contribution Is Improper Because NEW Is Neither a Joint Tortfeasor Nor Co-Obligor With Gateway .......... 11

IV. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696 (9th Cir. 1988) ........ 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ........ 8

*Crawford v. Weather Shield Mfg., Inc.*, 44 Cal. 4th 541, 187 P.3d 424 (2008) ........ 9, 11

*Expressions at Rancho Niguel Ass'n v. Ahmanson Devs., Inc.*, 86 Cal. App. 4th 1135 (2001) ........ 2, 11

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ........ 7

*Liftech Consultants Inc. v. Samsung Shipbuiliding & Heavy Indus., Ltd.*, No. C 10-2976, 2010 WL 4510905 (N.D. Cal. Nov. 2, 2010) ........ 9

*Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 202 P.3d 1115 (2009) ........ 9

*Swartz v. KPMG LLP*, 476 F.3d 756 (9th Cir. 2007) ........ 8

**OTHER AUTHORITIES**

14A Cal. Jur. 3d Contrib. & Indemn. § 64 (2010) ........ 11

National Electronics Warranty LLC ("NEW") hereby submits its Memorandum of Points and Authorities in support of its Motion to Dismiss Defendant and Third-Party Plaintiff Gateway, Inc.'s ("Gateway") Amended Third-Party Complaint ("Amended TPC").

## I. INTRODUCTION

In its motion to dismiss Gateway's initial third-party Complaint, NEW questioned Gateway's assertion of a claim for equitable indemnity in the face of an express contractual indemnification provision. Recognizing the clear weight of authority barring it from recovery under that theory, Gateway now brings its Amended TPC for contractual indemnity. Gateway's initial third-party Complaint was legally unsound; now, its Amended TPC is both inadequately pled and contrary to the plain terms of the parties' contract. It should be dismissed.

Gateway[1] and NEW are parties to a contract.





[redacted]

[redacted]

[redacted] Gateway's contractual indemnity claim must be dismissed.

Similarly, Gateway's claim for contribution fails because the potential liability for which Gateway seeks contribution (the claims asserted in Plaintiff's Second Amended Complaint ("SAC")) hinges upon Gateway's alleged failure to perform Gateway's obligations under the Gateway-NEW Contract. Gateway has not stated a viable claim for contribution because contribution *requires fault on the part of the purported indemnitor*. *Expressions at Rancho Niguel Ass'n v.*

---

2 [redacted]

*Ahmanson Devs., Inc.*, 86 Cal. App. 4th 1135, 1139 (2001) (listing elements for a claim under Cal. Civ. Code § 1432). As described extensively below, NEW is neither a joint tortfeasor nor a co-obligor with respect to Plaintiff's claims. Accordingly, Gateway's Amended TPC is meritless and should be dismissed.

## II. FACTUAL BACKGROUND

### A. Plaintiff Peter Wilson's Claims

Plaintiff purchased a Gateway laptop from his college bookstore as a freshman at Master's College. (SAC, ¶ 57.) Plaintiff purchased a Gateway ESP with his laptop. (*Id.*) Plaintiff claims that, in February 2009, his computer needed service. (*Id.* at ¶ 62.) When Plaintiff called Gateway looking for assistance, Gateway allegedly directed him to another company. (*Id.* at ¶ 63.) After discovering that company was out of business, Plaintiff asserts that he contacted Gateway again for technical support and customer service. (*Id.* ¶ 64.) Gateway allegedly refused to help Plaintiff this second time, disclaiming any responsibility for the warranty Plaintiff purchased. (*Id.*) Plaintiff complained about Gateway to the Better Business Bureau, and Gateway, for a third time, declined to acknowledge responsibility for servicing Plaintiff's ESP. (*Id.*)

On October 16, 2009, Plaintiff sued Gateway in this Court for breach of contract and unjust enrichment. On November 15, 2010, Plaintiff amended his complaint to add NEW as a defendant and to assert additional causes of action under the Consumer Legal Remedies Act ("CLRA") and California Business & Professions Code section 17200 ("UCL").[3] Plaintiff summarizes his claims against Gateway as follows: "Gateway relied on an unconscionable assignment provision to transfer the Pro-ESP warranties to a company that was financially unable to service those warranties, made misrepresentations to Pro-ESP warranty customers about

[3] NEW has filed a motion to dismiss Plaintiff's Second Amended Complaint ("SAC"), currently set for hearing on December 20, 2010. (Dkt. 109.)

MPC's ability to service the warranties, refused to honor the warranties after MPC's bankruptcy, and continued to 'deflect' Pro-ESP warranty customers to the bankrupt MPC." (SAC ¶ 129.)

By contrast, Plaintiff's claims against NEW are wholly derivative of Gateway's alleged neglect of its duties and fail to identify any obligation – contractual or otherwise – owed by NEW to Plaintiff. Plaintiff asserts: (i) NEW was "aware of Gateway's improper assignment of Pro-ESP warranties to MPC . . ." (SAC ¶ 75); (ii) NEW "failed to do anything" to ensure that Gateway ESP customers could "obtain the bargained-for service under their warranties" (SAC ¶¶ 7, 75); and (iii) as a result of MPC's "stated inability to service" ESPs and "Gateway's refusal to do so … NEW therefore was required to reimburse at lower amounts than had been anticipated." (SAC ¶ 76.) As explained below, the Gateway-NEW Contract makes clear that NEW was not responsible for the underlying misconduct of which Plaintiff complains. Plaintiff's allegations are entirely consistent with this fact.

**B. Gateway's Allegations In The Amended TPC**

Gateway's Amended TPC essentially argues that Plaintiff's inability to obtain service pursuant to his Gateway ESP is NEW's fault.[4]

[4] Tellingly, Gateway does not allege that NEW was responsible for Gateway's "improper" assignment of its Professional Division to MPC, that NEW made "misrepresentations" to ESP customers, or that NEW "deflected" ESP customers to a bankrupt MPC, all as alleged in Plaintiff's SAC.

[redacted]

### C. The Gateway-NEW Contract

[redacted]

#### 1. Terms of the Gateway-NEW Contract

[redacted]

[redacted]

---

5 The RSCAA is effective as of May 31, 2007. (Walsh Decl., Ex. "B.") Plaintiff's claims arose in February 2009. (SAC ¶ 62.)

[redacted]

[redacted]

[redacted] [redacted]

6 [redacted]

• [redacted]

[redacted] [redacted]

[redacted] [redacted]

[redacted]

### 2. This Court Should Consider All Of The Gateway-NEW Contract—Not Just The Part Gateway Prefers

Under the "incorporation by reference" doctrine, there is no question that this Court may consider the whole Gateway-NEW Contract. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). The Ninth Circuit is clear on this point.

Courts may consider documents outside the pleadings when a plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document. (*Id.*) [redacted]

Gateway was sued because Plaintiff allegedly could not obtain service under his warranty in February 2009. (Amended TPC ¶ 12.) Gateway alleges that this failure is NEW's fault. (*Id.* ¶ 28.) [redacted] The Court, therefore, may properly consider the Gateway-NEW Contract in its entirety. A plaintiff is not permitted to survive a

Rule 12(b)(6) motion by simply omitting critical documents that form the basis of his claims. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). Application of the incorporation by reference doctrine is particularly appropriate in this case, as its purpose is to prevent plaintiffs from taking factual statements out of context, thereby protecting the Court from drawing unwarranted inferences from a complaint. (*See, e.g.*, *id.*) This Court, therefore, can and should consider the Gateway-NEW Contract in its entirety.

## III. ARGUMENT

### A. Standard for a Motion to Dismiss

A motion to dismiss under Rule 12(b) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Although the Court accepts factual allegations in a complaint as true, those allegations must provide the grounds for entitlement to relief, and may not be a "formulaic recitation" of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . ." and a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 555-56, 570.

### B. Under the Parties' Indemnity Arrangement, Gateway Is Solely Responsible for Plaintiff's Claims.

[redacted] The plain language of the contract demonstrates that Gateway's claim for contractual indemnity fails as a matter of law.

**1. Governing Law**

"Express indemnity refers to an obligation that arises 'by virtue of express contractual language establishing a duty in one party to save another harmless upon the occurrence of specified circumstances.'" *Prince v. Pac. Gas & Elec. Co.*, 45 Cal. 4th 1151, 1158, 202 P.3d 1115 (2009). Generally, "an [indemnity] agreement is construed under the same rules that govern the interpretation of other contracts." *Crawford v. Weather Shield Mfg., Inc.*, 44 Cal. 4th 541, 552, 187 P.3d 424 (2008). Under California law, "effect is to be given to the parties' mutual intent, as ascertained from the contract's language, if it is clear and explicit." *Liftech Consultants Inc. v. Samsung Shipbuiliding & Heavy Indus., Ltd.*, No. C 10-2976, 2010 WL 4510905, at *3 (N.D. Cal. Nov. 2, 2010). As critical here, "[t]he interpretation of a contract generally presents a question of law for the court to decide, unless the interpretation turns on the credibility of extrinsic evidence." *Id.* (citing *Plaza Home Mortg., Inc. v. N. Am. Title Co., Inc.*, 184 Cal. App. 4th 130, 135 (2010)).

**2.**



*Plaintiff claims that, while his Gateway ESP was still valid, he contacted Gateway because his computer needed repair. (SAC ¶ 62.)*

- [redacted]

*Gateway (allegedly) directed Plaintiff to a bankrupt company for assistance, despite knowing that company was out of business.* (SAC ¶ 63.)

- [redacted]

*Plaintiff then alleges he called Gateway back. Gateway again refused to help Plaintiff, and disclaimed any responsibility for Plaintiff's Gateway ESP service contract.* (SAC ¶ 64.)

- [redacted]

*In all, Gateway is alleged to have denied its obligations to Plaintiff on no fewer than three occasions.* (SAC ¶¶ 62-64.)

[redacted]

The Amended TPC impermissibly seeks to have NEW indemnify Gateway for Gateway's own (alleged) failures. That is entirely improper and counter to the express, unambiguous terms of the parties' contract. *See Crawford*, 44 Cal. 4th at 552. Gateway's cause of action for express contractual indemnity must therefore be dismissed.

**C. Contribution Is Improper Because NEW Is Neither a Joint Tortfeasor Nor Co-Obligor With Gateway**

The plain language of the Gateway-NEW Contract establishes that (1) Gateway is solely responsible for Plaintiff's claims, and (2) In addition, Gateway has not alleged a claim for contribution because Gateway, not NEW, is responsible for providing the service that Plaintiff alleges he did not receive. Plaintiff's claims are entirely predicated on allegations regarding Gateway's failure to provide service under the Gateway ESPs. In fact, *all* of Plaintiff's allegations fall squarely within Gateway's obligations detailed in the Gateway-NEW Contract. As the Court explained in *Ahmanson Developments*,

> [t]he right to indemnity flows from payment of a joint legal obligation on another's behalf. (**Civ. Code, § 1432**; *Western Steamship Lines, Inc. v. San Pedro Peninsula Hospital* (1994) 8 Cal.4th 100, 114 [32 Cal.Rptr.2d 263, 876 P.2d 1062].) The elements of a cause of action for indemnity are **(1) a showing of *fault* on the part of the indemnitor** and (2) resulting damages to the Indemnitee for which the indemnitor is contractually or equitably responsible.

86 Cal. App. 4th at 1139 (bold emphasis added).[8] To state a claim for contribution, Gateway must plead facts sufficient to establish the first prong of the *Ahmanson Developments* test.

Gateway cannot establish the first element of a cause of action for contribution. Plaintiff alleges that when he attempted to obtain service under his ESP, Gateway "refused" to honor Plaintiff's ESP. (SAC ¶ 64.) [REDACTED] NEW therefore has not been, and is not now, a joint tortfeasor or co-obligor with regard to Plaintiff (or the putative class). Because the Gateway-NEW Contract establishes that Gateway is responsible for Plaintiff's claims, NEW cannot be held liable for contribution here.

In sum, Plaintiff alleges he paid for, and did not receive, technical support under his Gateway ESP in 2009. [REDACTED] The Amended TPC thus essentially asks NEW to indemnify Gateway for Gateway's breach of contract. Gateway's theory is nonsensical and counter to the parties' express agreement. The Amended TPC should therefore be dismissed.

---

[8] *See also* 14A Cal. Jur. 3d Contrib. & Indemn. § 64 (2010) ("The elements for a cause of action for indemnity are: (1) a showing of fault of the indemnitor and (2) resulting damages to the indemnitee for which the indemnitor is contractually or equitably responsible.") (citing *Ahmanson Devs.*, 86 Cal. App. 4th at 1139 (2001)).

## IV. CONCLUSION

For the foregoing reasons, Gateway's Amended TPC for indemnity and contribution should be dismissed in its entirety.

DATED: November 30, 2010

DAVID M. WALSH
ADAM M. SEVELL
PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ David M. Walsh
David M. Walsh

Attorneys for Defendant and Third-Party Defendant
NATIONAL ELECTRONICS WARRANTY LLC